IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jabree Walker,                          :
                                        :
                    Petitioner          :
                                        :
          v.                            : No. 793 C.D. 2018
                                        : Submitted: November 2, 2018
Pennsylvania Board                      :
of Probation and Parole,                :
                                        :
                    Respondent          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  February 21, 2019

          Jabree Walker (Walker) petitions for review from an order of the
Pennsylvania Board of Probation and Parole (Board) that denied his request for
administrative review challenging the calculation of his parole violation maximum
date.  Also before us is a petition to withdraw as counsel filed by Walker's court-
appointed attorney, David Crowley, Esquire (Attorney Crowley), on the ground that
Walker's appeal is without merit.  For the reasons that follow, we grant Attorney
Crowley's petition to withdraw as counsel, and we affirm the Board's order.


                        **I. Background**

          In April 2013, Walker pled guilty to persons not to possess, use,
manufacture, control, sell or transfer firearms and he was sentenced to a term of 4 to

8 years in prison (C.P. Delaware, No. CP-23-CR-0007386-2012 (Case No. 7386)). Certified Record (C.R.) at 1-2. In addition, Walker's probation was revoked based on corruption of minors and violation of probation offenses (C.P. Delaware, No. CP-23-0000495-2012 (Case No. 495)), which carried an underlapping concurrent sentence of 2.5 years to 5 years in prison. Walker's original maximum sentence date was March 4, 2020. C.R. at 1-2.

On October 3, 2016, the Board released Walker on parole. C.R. at 6-9, 13. On March 24, 2017, while on parole, Walker was arrested and charged with two counts of possession with intent to deliver (PWID), two counts of possession of a controlled substance, and two counts of possession of drug paraphernalia, for a total of six counts. C.R. at 16-19. That same day, the Board issued a warrant to commit and detain Walker for parole violations. C.R. at 13-15, 23, 26. The Delaware County Court of Common Pleas (sentencing court) set bail at $100,000, which Walker did not post. C.R. at 43-44. Walker was confined at the Delaware County Prison pending disposition of the new criminal charges. C.R. at 23, 43.

On June 29, 2017, Walker pled guilty to two counts of PWID, and one count of possession of a controlled substance. C.R. at 47-48. On the PWID counts, the sentencing court sentenced Walker to serve 12 to 24 months and 18 to 24 months of confinement, to run concurrently. Consecutive to confinement, the trial court ordered 48 months of probation on the second PWID count and 12 months of probation on the possession of a controlled substance count, to run concurrently. C.R. at 38, 48-49. The other three charges were dismissed. C.R. at 50.

On July 7, 2017, Walker returned to the State Correctional Institution (SCI) at Graterford, pending parole violator status. C.R. at 54. As a result of the new conviction, the Board charged Walker as a convicted parole violator (CPV).

2

C.R. at 55. Walker signed a waiver of revocation hearing and a counsel/admission form relative to the charge. C.R. at 36. A hearing examiner issued a hearing report determining that Walker should be recommitted as a CPV based on the convictions. C.R. at 27-34. On August 16, 2017, the Board revoked Walker's parole as indicated by the second signature on the hearing report. C.R. at 34.

By revocation decision mailed September 14, 2017, the Board recommitted Walker as a CPV to serve 24 months' backtime. C.R. at 55. The Board calculated his new maximum sentence date as January 15, 2021, and declared he would not be eligible for parole until August 16, 2019. C.R. at 55. The Board did not award credit for time spent at liberty on parole, citing early failure on parole as the reason. C.R. at 55-56.

Walker, representing himself, requested administrative review[1] of the Board's September 14, 2017, decision on the basis that the Board miscalculated his maximum sentence date and parole eligibility date. C.R. at 59. More particularly, Walker asserted that the Board did not properly account for time spent at liberty on parole from October 3, 2016 to March 24, 2017; his return to SCI-Graterford on July 7, 2017; or time spent incarcerated on the Board's detainer pending disposition on the new criminal charges. C.R. at 60. Walker also claimed that the Board's "note conviction" erroneously recommitted him on an expired sentence. C.R. at 60; *see also* C.R. at 58. By decision mailed May 14, 2018, the Board denied Walker's request for administrative review upon determining that the Board did not miscalculate his maximum date and affirmed its recommitment decision. C.R. at 62.

From this decision, Attorney Crowley filed a petition for review on Walker's behalf asserting that the Board miscalculated Walker's new parole

---

[1] Walker filed an "Administrative Remedies Form," which the Board treated as a request for administrative review because Walker objected to his recalculated maximum date.

violation date by failing to credit his original sentence with all the confinement time to which he was entitled. Shortly thereafter, Attorney Crowley filed a petition to withdraw as counsel along with a no-merit letter based on his belief that Walker's appeal is without merit. This matter is now before us for disposition.

## II. Petition to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[2] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner

---

[2] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that: (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Attorney Crowley's no-merit letter satisfies the technical requirements of *Turner*. Attorney Crowley states he conducted a conscientious and thorough review of the record, applicable statutes and case law. He sets forth the issue Walker raised in his petition for review that the Board miscalculated Walker's maximum sentence date by not crediting his original sentence with all the confinement time to which he is entitled, including time spent at liberty on parole. Attorney Crowley also sets forth the subsidiary issues Walker raised in his administrative appeal. Attorney Crowley provides a thorough analysis as to why these issues lack merit, and he cites applicable statutes, regulations, case law and the certified record in support.[3]

Attorney Crowley explains that the Board properly calculated Walker's maximum date. First, Walker is not entitled to time spent at liberty on parole. Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2), provides that a parolee who is convicted of committing a crime while on parole may be recommitted to serve the unserved balance of his original maximum sentence and may be denied credit for "time at liberty on parole." The

---

[3] However, we admonish Attorney Crowley for his failure to set forth the procedural history of the case.

5

Board provided a valid, contemporaneous reason for declining to exercise its discretion to grant credit. Second, Walker is not entitled to credit for pre-sentence confinement against his original sentence because he did not post bail and the pre-sentence confinement time he served from the date of arrest to sentencing was applicable to the new sentence. *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 301 (Pa. 2003). Third, Walker is not entitled to receive credit towards his original sentence for the period he spent in SCI-Graterford immediately following sentencing but before the Board revoked his parole. Attorney Crowley explained that the Board's notation of a "custody for return" date in its order to recommit is misleading. This date refers to the date the Board took official action to revoke his parole, which occurred on August 16, 2017, when the last Board member signed off on the hearing examiner's report. *Campbell v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980). It does not refer to the date Walker was physically returned to the SCI, on July 7, 2017.

Finally, as for Walker's challenge to the Board's reference to an expired sentence, the Department of Corrections' (Department) sentence status summary confirms Walker's position that one of his sentences (Case No. 495) expired on March 4, 2017, before his arrest on March 24, 2017. As a result, the Board lacked jurisdiction to revoke his parole based on this expired sentence. However, Attorney Crowley explains that this issue is moot because the new maximum sentence that the Board imposed on this basis -- January 15, 2018 -- has already passed. Further, the expired sentence was merely an "underlapping concurrent" sentence to the unexpired 4- to 8-year sentence that the Board properly utilized in its calculations. The Board's error in this regard does not impact the length of the current recommitment. Therefore, no relief may be obtained on this basis.

6

Based on his review, Attorney Crowley concludes that Walker's appeal to this Court is without merit, and he requests permission to withdraw. Attorney Crowley provided Walker with a copy of the no-merit letter and his request to withdraw. He advised Walker of his right to retain new counsel or proceed by representing himself.[4] As we are satisfied that Attorney Crowley has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Walker's petition for review lacks merit.[5]

### III. Independent Review

Walker claims that the Board miscalculated his new parole violation maximum date by failing to credit his original sentence with all time spent in confinement. First, Walker argues that the Board erred or abused its discretion by not crediting his original sentence with the 172-day period he spent at liberty on parole between October 3, 2016 and his date of arrest on March 24, 2017.

Section 6138(a) of the Parole Code governs parole violations for convicted violators providing, in pertinent part:

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time

---

[4] Walker did not retain new counsel or file a brief in support of his petition for review.

[5] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted* and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) *The board may, in its discretion, award credit* to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

    (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

    (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a) (emphasis added).

Section 6138(a)(2) of the Parole Code authorizes the Board to reenter CPVs into SCIs to serve the remainder of the term they would have been required to serve had they not been paroled, except as provided under subsection (2.1). 61 Pa. C.S. §6138(a)(2). Subsection (2.1) grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence, except when the CPV is recommitted for the reasons stated in subsections 6138(a)(2.1)(i) and (ii). 61 Pa. C.S. §6138(a)(2.1); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017).

In the exercise of this discretion, the Board must conduct an "individual assessment of the facts and circumstances surrounding [a parolee's] parole revocation." *Pittman*, 159 A.3d at 474. Further, the Board must "articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* Although the Board has broad discretion to grant or deny such credit, its decision is subject to appellate review and must be reversed or vacated as an abuse of discretion where the Board has based its denial of credit on an erroneous premise. *Id.* at 474-75 and n.12. Where the Board denies credit for time served at liberty on parole, this time is applied to the original maximum expiration date to create a new maximum date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

Here, Walker was not convicted of a crime of violence, did not commit a crime requiring sex offender registration, and was not subject to a federal removal order. *See* 61 Pa. C.S. §6138(a)(2.1)(i) and (ii). As a result, the Board had discretion to deny Walker credit for the time he spent at liberty on parole, provided it articulated a reason for its denial. 61 Pa. C.S. §6138(a)(2.1); *Pittman*. The Board declined to credit Walker with time spent at liberty on parole citing Walker's "early failure" on parole. C.R. at 55-56. Indeed, Walker was at liberty on parole for less than six months before being arrested for the new offenses. That is a sufficient articulation of a reason for denying credit. *See Barnes v. Pennsylvania Board of Probation and Parole*, __ A.3d __, __ (Pa. Cmwlth., No. 386 C.D. 2018, filed January 28, 2019) (notation that the new conviction was similar to original offense and early failure after only eight months on the street was a sufficient articulation of reason for denying credit); *see also Pittman*, 159 A.3d at 475 n.12 ("the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient

9

in most instances"). Upon review, we discern no abuse of discretion in the Board's denial of street time credit on this basis.

Next, Walker contends that the Board erred by not crediting his original sentence with time spent on the Board's detainer following his arrest.

"[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Martin*, 840 A.2d at 309; *accord Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 n.6 (Pa. 1980); *see Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 769 (Pa. 2017) (holding *Martin* and *Gaito* remain the rule in this Commonwealth for how credit is applied). As our Supreme Court held in *Gaito*:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

412 A.2d at 571.

On March 24, 2017, Walker was arrested on new criminal charges and the Board issued a warrant to commit and detain him. However, because Walker did not post bail on the new criminal charges, C.R. at 43-44, he was not detained solely on the Board's warrant. This period of detention applies to his new sentence, not to his original sentence. *See Martin*. The Board did not err in this regard.

Further, Walker asserts that the Board incorrectly set his "custody for return" date as August 16, 2017, as opposed to July 7, 2017, the date he was returned

10

to SCI-Graterford. He claims the Board's calculation of his new maximum date must be corrected to reflect this time in custody.

A CPV's "custody for return" date is determined by the date of the parole revocation. *Barnes v. Pennsylvania Board of Probation and Parole*, __ A.3d __ (Pa. Cmwlth., No. 386 C.D. 2018, dated January 28, 2019) (parole revocation occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner as a CPV); *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 769-70 (Pa. Cmwlth. 2015) (recommitment date for CPV is the date parole is revoked as indicated by the second signature on the hearing report); *Campbell*, 409 A.2d at 982 (service of backtime on an old sentence must be computed from the date the Board revokes parole). Time served prior to the parole revocation date must be applied to the new sentence. *Wilson*, 124 A.3d at 770; *Campbell*, 409 A.2d at 982.

Although Walker returned to SCI-Graterford on July 7, 2017, Walker's parole was not revoked until August 16, 2017, when the Board obtained the second signature from a panel member that was necessary to recommit him as a CPV. C.R. at 34. Thus, the Board properly utilized August 16, 2017, as Walker's custody for return date, and Walker is not entitled to an adjustment on this basis.

In sum, Walker was released on parole on October 3, 2016, with a maximum sentence date of March 4, 2020, which left an unserved balance of 1248 days on his sentence. C.R. at 57. Adding Walker's unserved balance on his original sentence of 1248 days to the parole revocation date of August 16, 2017, results in a maximum sentence date of January 15, 2021. C.R. at 34. Upon review, the Board did not err in calculating Walker's maximum date.

Finally, Walker contends that the Board erred by recommitting him based on the sentence imposed on Case No. 495, which expired on March 4, 2017, twenty days before his arrest. *See* C.R. at 58. The Department's sentence status summary shows that Case No. 495 carried a sentence of 2.5 to 5 years' incarceration that ran concurrently with the 4- to 8-year sentence on Case No. 7386. C.R. at 1-2. Case No. 495 was an "underlapping concurrent" sentence. C.R. at 2. The summary confirms that this sentence expired on March 4, 2017. C.R. at 2. There is nothing in the record to support delinquency or criminal conduct prior to his arrest on March 24, 2017. Consequently, the Board lacked jurisdiction to revoke his parole and recommit Walker based on Case No. 495 because this sentence clearly expired prior to the parole violation.

However, as Attorney Crowley aptly notes, this issue is moot because the new maximum parole date the Board attached to the conviction at Case No. 495 was January 15, 2018, which has already passed. C.R. at 58. Further, because Case No. 495 was an underlapping concurrent sentence, it did not affect the length of the current recommitment, which was based on backtime owed on the overlying 4- to 8-year sentence imposed for Case No. 7386. *See* C.R. at 57-58.

## IV. Conclusion

Upon review, we agree with Attorney Crowley that Walker's claims are without merit. Accordingly, we grant Attorney Crowley's petition to withdraw as counsel, and we affirm the order of the Board denying Walker's request for administrative review.

---

MICHAEL H. WOJCIK, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jabree Walker,                              :
                                            :
                  Petitioner                :
                                            :
            v.                              : No. 793 C.D. 2018
                                            :
Pennsylvania Board                          :
of Probation and Parole,                    :
                                            :
                  Respondent :

O R D E R

AND NOW, this 21st day of February, 2019, the order of the
Pennsylvania Board of Probation and Parole, dated May 14, 2018, is AFFIRMED,
and the petition to withdraw as counsel filed by David Crowley, Esquire, is
GRANTED.

_____
MICHAEL H. WOJCIK, Judge