Gregory JEFFERSON, Petitioner,

v.

PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 21, 1997.

Decided Jan. 8, 1998.

Robert S. McMinn, Huntington, for petitioner.

K. Scott Roy, Harrisburg, for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Pennsylvania Board of Probation and Parole (Board) denied petitioner Gregory Jefferson's (Jefferson) request for administrative relief of a Board decision recommitting him as a convicted and technical parole violator. Jefferson alleges that the Board improperly recalculated his revised parole and maximum term expiration dates. Jefferson's court-appointed attorney, however, determined that an appeal would be frivolous and filed an application for leave to withdraw as counsel, accompanied by a "no merit letter." The issue before us is whether counsel's "no merit letter" adequately addresses Jefferson's allegations. Because it does not, counsel's application to withdraw is denied without prejudice to refile within thirty (30) days.

On June 12, 1995, Jefferson was paroled on a sentence for burglary. On September 13, 1996, Jefferson's parole was revoked because of technical parole violations and a criminal conviction for forgery. Because Jefferson violated the conditions of parole, the Board recommitted him and recalculated the parole date on his burglary conviction to May 1998 and the maximum term expiration date to May 1, 2001.

On appeal, Jefferson raises two issues. First, Jefferson argues that in computing his new parole date, the Board failed to credit him for four months and twelve days during which he met the requirements for bail but was nevertheless retained in custody on the Board's detainer.

Jefferson's second contention is that the Board erred in recalculating his maximum term expiration date by setting a date

that is greatly in excess of the appropriate date for his maximum sentence.[1]

In *Pierce v. Pennsylvania Board of Probation and Parole*, 688 A.2d 754 (Pa.Cmwlth. 1997), this Court reiterated that, in cases where counsel seeks to withdraw, the Court will not examine the merits of an appeal until counsel has discharged his responsibility in accordance with the technical requirements of an *Anders* brief or a "no merit letter."

In this case, counsel has accompanied his leave to withdraw with a "no merit letter," in accordance with *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988).

■ *Turner* permits an attorney seeking to withdraw as counsel to file a "no merit letter" in support thereof. The letter must set forth the following factors: (1) the nature and extent of counsel's review of the case, (2) the issues the petitioner wishes to raise, and (3) counsel's analysis in concluding that the appeal is frivolous. *Epps v. Pennsylvania Board of Probation and Parole*, 129 Pa. Cmwlth. 240, 565 A.2d 214 (1989). Counsel must comply with these requirements to ensure that a petitioner's claims have been considered and that counsel has substantial reasons for concluding that the claims are frivolous. *Hont v. Pennsylvania Board of Probation and Parole*, 680 A.2d 47 (Pa. Cmwlth.1996).

■ Viewed in light of these requirements, we conclude that counsel's "no merit letter" has not adequately analyzed Jefferson's claims. In addressing Jefferson's claim that his maximum term expiration date was improperly calculated and excessive, counsel simply offered the following cursory explanation, with no analysis to support his conclusions nor any citation to the record:

> [T]he Board changed Petitioner's maximum date from May 25[,] 1998 to May 1, 2001. This recalculation of Petitioner's maximum date was done correctly. Respondent Board took away Petitioner's "street time" from June 12, 1995 through September 13, 1996 (which amounts to one

year, three months and one day), and took away two years and seventeen days of time while Petitioner was on constructive parole. The Board then credited Petitioner with four months and twelve days during which he was confined solely pursuant to the Board's detainer. The total amount of time which was added to Petitioner's maximum date was two years, eleven months and 6 days.

The above passage does not, in our opinion, meet the requirement that the "no merit letter" provide "analysis" of Jefferson's allegedly frivolous claims. Furthermore, counsel's citation to *Hill v. Pennsylvania Board of Probation and Parole*, 683 A.2d 699 (Pa. Cmwlth.1996), in discussing why the Board did properly calculate Jefferson's "street time," is misplaced because *Hill* does not address the calculation of "street time."

Jefferson's counsel has thus failed to discharge his responsibilities in complying with the requirements of the "no merit letter," and we do not reach the merits of Jefferson's appeal. Although we do not encourage frivolous appeals, we also cannot allow the compromise of an individual's right to representation.

Accordingly, we deny without prejudice the application to withdraw as counsel and will not reach the merits of Jefferson's appeal until satisfied that counsel has met his responsibility in complying with the technical requirements of an *Anders* brief or a "no merit letter." If, in the alternative, counsel has reconsidered and concluded that Jefferson's appeal has merit, counsel may submit a brief on the merits in support thereof.

Counsel shall refile within thirty (30) days of the date of this opinion and order.

### ORDER

AND NOW, this 8th day of January, 1998, counsel's application for leave to withdraw as counsel is denied without prejudice to refile. Counsel shall refile within thirty (30) days of the date of this opinion and order.

---

1. Had we reached the merits of petitioner's allegations, which we do not (as discussed below), our scope of review would be limited to determining whether constitutional rights were violat-

ed, errors of law were committed, or findings of fact were unsupported by substantial competent evidence. *Dear v. Pennsylvania Board of Probation and Parole*, 686 A.2d 423 (Pa.Cmwlth.1996).