IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond Foster,                          :
                                         :
                    Petitioner           :
                                         :
            v.                           : No. 808 C.D. 2018
                                         : Submitted: March 8, 2019
Pennsylvania Board of                    :
Probation and Parole,                    :
                                         :
                    Respondent           :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ROBERT SIMPSON, Judge[1]
            HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  December 6, 2019


            Raymond Foster (Foster) petitions for review of the May 24, 2018 order

of the Pennsylvania Board of Probation and Parole (Board) that dismissed his request

for administrative review as untimely.  Also before this Court is the application to

withdraw as counsel filed by Foster's court-appointed attorney, Kent D. Watkins,

Esquire (Counsel), on the ground that Foster's appeal is without merit.  For the

reasons that follow, we deny Counsel's application to withdraw as counsel, without

prejudice, and we vacate the Board's order and remand this matter to the Board for

further proceedings.

            The following facts are drawn from the meager certified record.  Foster

was paroled from sentences related to convictions for aggravated assault and

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson
assumed the status of senior judge.

unlawful possession of a firearm. Certified Record (C.R.) at 1-2. By decision recorded February 2, 2018, the Board recommitted Foster as a technical parole violator to serve 9 months' backtime and as a convicted parole violator to serve his unexpired term, concurrently, for a total of 3 years, 6 months, and 21 days. *Id.* The decision recalculated Foster's parole violation maximum date as April 9, 2021. *Id.* The Board's decision was mailed on February 9, 2018, and it advised Foster that he had 30 days from the mailing date to file a timely request for administrative relief.[2] *Id.*

Foster mailed a "Notice of Agreement" to the Board, which was postmarked April 24, 2018, and challenged the change to his maximum sentence expiration date. C.R. at 3-5. The Board construed that document as a petition for administrative review because it challenged the Board's calculation of his parole violation maximum date. C.R. at 6. Noting that the challenged decision was mailed on February 9, 2018, and citing the Board's regulation at 37 Pa. Code §73.1(b), the Board dismissed Foster's "petition for administrative review" as untimely. *Id.*

Foster filed a *pro se* petition for review (PFR) with this Court,[3] arguing that the Board erred in dismissing his petition for administrative relief as untimely. In the PFR, Foster specifically asserts that he timely mailed a Request for Administrative Relief to the Board on March 6, 2018. PFR, ¶¶2, 7, 8. Foster also complains that the Board erred by failing to award him credit for the periods from

---

[2] The Board's regulations provide that an appeal or petition for administrative review of a revocation decision must be received within 30 days of the mailing date of the Board's order. 37 Pa. Code §73.1(b).

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

May 13, 2014, to March 3, 2015, and from August 8, 2016, to June 11, 2018 ("to now").

Following Foster's application to proceed *in forma pauperis*, we appointed Counsel to represent him. Counsel has filed a no-merit letter and a petition for leave to withdraw.

Counsel seeking to withdraw must conduct a zealous review of the case and submit a "no-merit" letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that' a petitioner's arguments are meritless." *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)). In addition, counsel must send the petitioner: (1) a copy of the "no-merit" letter; (2) a copy of the petition for leave to withdraw; and (3) a statement that advises the petitioner of the right to retain substitute counsel or proceed *pro se*. *Turner*, 544 A.2d at 928*; Hughes*, 977 A.2d at 22.

If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928*; Hughes*, 977 A.2d at 25. If this Court determines that the petitioner's claims are without merit, counsel will be permitted to withdraw and the petitioner will be denied relief. *Hughes*, 977 A.2d at 27.

3

The record reflects that Counsel notified Foster of the request to withdraw, provided him with a copy of the no-merit letter, and advised Foster of his right to retain new counsel or raise any new points he might deem worthy of consideration. However, Counsel's no-merit letter does not address the issues that Foster raises in his appeal to this Court.

In the PFR, Foster argues that the Board erred in dismissing his request for administrative relief as untimely, where it was mailed on March 6, 2018.[4] He also alleges that the Board erred in denying him credit for specified periods. Counsel's no-merit letter represents that Counsel conducted "an exhaustive examination of the record," but it appears Counsel did not examine the PFR Foster filed with this Court. Whereas Foster complains that his request to the Board was, in fact, timely filed, Counsel's analysis for concluding that Foster's appeal lacks merit merely repeats the explanation given by the Board: that Foster submitted an objection to the Board's February 9, 2018 decision on April 23, 2018.

Moreover, on July 31, 2018, prior to the submission of Counsel's application to withdraw, the Board filed an application for special and summary relief (Application) with this Court, which was served on Counsel. The Application requested summary dismissal of the appeal pursuant to Pa. R.A.P. 1532(b)[5] on the basis that the Notice of Agreement was postmarked April 24, 2018, well past the 30 days for filing a petition for administrative review provided under 37 Pa. Code §73.1(b).

---

[4] Although not part of the certified record, Foster attached exhibits to the PFR, which include a copy of a Request for Administrative Relief, (Ex. B), and a copy of a DC-138A Cash Slip that reflects postage deducted from his account and a mail date of March 6, 2018 (Ex. B-1).

[5] Pa. R.A.P. 1532(b) states, "At any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear."

4

Significantly, the Board asserted in the Application that Foster would not be prejudiced by the dismissal of this appeal because the Board recalculated his parole violation maximum date by a subsequent decision, mailed July 20, 2018, and granted his request for administrative relief by decision mailed July 23, 2018. Application, ¶11. The Board explained that the "grant of administrative relief was based on the March 6, 2018 petition for administrative relief referenced in paragraph 2 of the [PFR]." Application and Ex. 2 (Board's letter of July 23, 2018, acknowledging receipt of Foster's administrative remedies form on March 8, 2018). We denied the request for summary relief. Additionally, we granted the Board's request to limit the issue on appeal to whether the Board properly dismissed Foster's administrative appeal as untimely.

The Application and the attached exhibits are not evidence establishing when the Board received the March 6, 2018 petition it allegedly has addressed. However, that lack of evidence is of no moment because the "prisoner mailbox rule" applies to *pro se* appeals of Board decisions. *Sweesy v. Pennsylvania Board of Probation and Parole*, 955 A.2d 501, 502 (Pa. Cmwlth. 2008). The "prisoner mailbox rule" deems that a prisoner's *pro se* appeal is filed at the time it is given to prison officials or put in the prison mailbox. Therefore, the relevant date regarding the timeliness of the request for administrative relief is the date Foster gave his appeal to prison authorities or placed it in the mailbox, not the date of its receipt by the Board. *Id.*

Foster asserts that he timely mailed a Request for Administrative Relief to the Board on March 6, 2018. He proffers evidence of the timely mailing, *see* Exs. B and B-1, which, unfortunately, is not part of the certified record. Additionally, the

5

Board concedes receipt of the March 6, 2018 Request for Administrative Relief. Application and Ex. 2 (Board's July 23, 2018 letter).

An appellate court's review is limited to considering only those facts that have been duly certified in the record on appeal. *B.K. v. Department of Public Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012). "For purposes of appellate review, that which is not part of the certified record does not exist." *Id.* Consequently, documents attached to a brief or as an appendix to a motion may not be considered by an appellate court when they are not part of the certified record. *Id.*

Under the circumstances, we deny Counsel's application for leave to withdraw, without prejudice; we vacate the Board's May 24, 2018 order; and we remand this matter to the Board for a hearing to determine the timeliness of Foster's request for administrative relief from the Board's February 9, 2018 decision.

Jurisdiction is retained.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond Foster,                                :
                                               :
                              Petitioner        :
                                               :
               v.                              :  No. 808 C.D. 2018
                                               :
Pennsylvania Board of                          :
Probation and Parole,                          :
                                               :
                              Respondent       :

# O R D E R

AND NOW, this 6<u>th</u> day of <u>December</u>, 2019, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire is hereby DENIED without prejudice. The May 24, 2018 order of the Pennsylvania Board of Probation and Parole (Board) is VACATED, and this matter is REMANDED to the Board for a hearing, to be held within 90 days of the date of this Order, to determine the timeliness of Foster's request for administrative relief from the Board's February 9, 2018 decision.

Jurisdiction is RETAINED.

_____
MICHAEL H. WOJCIK, Judge