IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean Schieber,                          :
                    Petitioner          :
                                        :
            v.                          :    No.  1357 C.D. 2019
                                        :    Submitted: October 9, 2020
Pennsylvania Board of Probation         :
and Parole,                             :
                    Respondent          :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: February 4, 2021

            Sean Schieber petitions for review of an adjudication of the
Pennsylvania Board of Probation and Parole (Board)[2] denying his administrative
appeal.  Schieber's appointed counsel, Allison D. Hartle, Esquire (Counsel), on
behalf of the Forest County Public Defender's Office, has filed a motion to withdraw
as counsel, along with a no-merit letter.  For the reasons that follow, we deny
Counsel's request to withdraw.

            In 2009, Schieber pled guilty to two counts of unlawful sale or transfer
of a firearm; possession with intent to manufacture, sell, or deliver a controlled
substance; and criminal conspiracy.  He was sentenced to a term of incarceration of

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt
completed her term as President Judge.

[2] Following the filing of the petition for review, the Pennsylvania Board of Probation and Parole
was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December
18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of
the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§6101, 6111(a).

5 to 10 years. On September 8, 2014, Schieber was paroled from the State Correctional Institution (SCI) at Frackville. At the time of his parole, Schieber's maximum sentence date was December 18, 2018.

On September 11, 2017, the Upper Darby Police Department arrested Schieber and charged him with various firearms-related offenses, possession of marijuana, possession of drug paraphernalia, driving under the influence of a controlled substance (DUI), and careless driving. On that same day, the Board issued a warrant to commit and detain Schieber for violating the conditions of his parole. Schieber did not post bail and remained confined in the Delaware County Prison.

On August 22, 2018, Schieber pled guilty to possession of a prohibited firearm, possession of a small amount of marijuana, and DUI in the Delaware County Court of Common Pleas. He was sentenced to 30 to 60 months of confinement in an SCI. On November 20, 2018, Schieber waived his right to be represented by counsel and to a panel hearing. On November 28, 2018, based on the new criminal convictions, the Board conducted a parole revocation hearing.[3] On December 20, 2018, the Board recommitted Schieber as a convicted parole violator to serve his unexpired term of one year, three months, and six days. The Board awarded Schieber credit for the time he spent at liberty on parole from September 8, 2014, to September 11, 2017, and from September 11, 2017, to September 12, 2017. The Board recalculated Schieber's maximum sentence date to March 26, 2020.[4]

---

[3] Because Schieber waived his right to a panel hearing, the revocation hearing was held before a hearing examiner.

[4] Although this maximum date of sentence has passed, this matter is not rendered moot. If the Court was to grant Schieber's appeal, time served on his original sentence could be applied to his new sentence. Further, records from the Department of Corrections indicate that Schieber is

2

Schieber filed an administrative appeal with the Board, challenging the calculation of his maximum sentence date. By decision mailed August 22, 2019, the Board denied his request for administrative relief. The Board explained that Schieber received credit for the time he spent at liberty on parole and that it awarded an additional day of backtime credit.[5] It also explained that any other time Schieber questioned would be credited to his new sentence, not his original sentence. The Board further explained that Schieber did not become available to begin serving his backtime on his original sentence until December 20, 2018, when the Board made its recommitment decision.

Schieber, *pro se*, petitioned this Court for review. He raises seven issues, which we combine into three for clarity. First, he argues that the Board erred by not allowing him to serve his new sentence concurrently with the remaining balance of his original sentence. Second, he contends that the Board lacked authority to extend his maximum sentence date beyond that imposed by the sentencing court, and that Section 6138(a) of the Parole Code, 61 Pa. C.S. §6138(a),[6] which authorizes

---

currently incarcerated at SCI-Forest. *See* http://inmatelocator.cor.pa.gov/#/ (last visited February 4, 2021).

[5] As discussed above, the record establishes that Schieber was arrested on September 11, 2017, not September 12, 2017, as the Board stated. Regardless, the Board's erroneous statement of Schieber's arrest date and subsequent award of one day of backtime credit are in Schieber's favor and, therefore, are not at issue on appeal.

[6] Section 6138(a) of the Parole Code states, in relevant part:

   (a) Convicted Violators.--

      (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

* * *

3

such a recalculation by the Board, is unconstitutional.  Third, Schieber argues that by increasing his original sentence due to his new criminal convictions, the Board placed him in double jeopardy.

Counsel has filed a motion to withdraw as counsel and a no-merit letter, asserting that Schieber's appeal lacks merit.[7]

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the technical requirements appointed counsel must meet in order to withdraw from representation of a parolee.  This Court has summarized the requirements as follows:

> [C]ounsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter[,] which details "the nature and extent

---

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
>
> (2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>>
>> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a).

[7] Counsel later served on Schieber and filed with this Court a second motion to withdraw as counsel.  This second filing, which is similar to the first, does not affect the analysis or disposition of this matter.  Therefore, we do not consider it.

4

of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless."

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). Counsel must also send the parolee a copy of the "no-merit" letter that satisfies the *Turner* requirements, furnish him with a copy of counsel's motion to withdraw, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf. *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). If counsel fails to satisfy the foregoing requirements, we will not reach the merits of the underlying claims but will merely deny counsel's request to withdraw. *Zerby*, 964 A.2d at 960.

Counsel's no-merit letter does not meet the *Turner* requirements because it fails to explain why two of Schieber's three issues lack merit. In her no-merit letter, Counsel recites in detail each of the three issues Schieber raises, but then discusses another issue not raised in Schieber's petition for review, *i.e.*, whether the Board "abuse[d its] discretion by not applying [Schieber's] street time/liberty time as credit towards [the] incarceration portion of [Schieber's] sentence." No-Merit Letter at 2.[8] Counsel then concludes:

> The [] Parole Code provides that a convicted parole violator who is paroled from a[n SCI] and is then convicted of another criminal offense and is sentenced to another sentence in a[n SCI] must serve the original (or first) sentence prior to the second sentence. 61 Pa. C.S. [§]6138(a)(5). You[r] other issues that you have brought up have no merit and do not meet the burden

---

[8] We note, however, that the Board *did* award Schieber credit for the time he spent at liberty on parole, and Counsel's suggestion to the contrary and discussion of this issue appear to have been in error. *See* Certified Record at 82-83.

5

> needed to have your parole denial appeal and other requests granted.
>
> After carefully reviewing your parole appeal and researching the issue you have raised, I have determined that your main issue is without merit and is frivolous....

*Id.*

Counsel's no-merit letter addresses Schieber's first issue, *i.e.*, that his original and new sentences should be served concurrently. In so doing, Counsel explains that because Schieber's original and new sentences are both to be served in an SCI, they must be served consecutively and in that order. *See* 61 Pa. C.S. §6138(a)(5)(i).[9] No further explanation is required for this issue.

Counsel does not, however, cite facts of record or offer analysis to support her nonspecific conclusion that Schieber's "other issues" lack merit. No-Merit Letter at 2. Counsel identified, but failed to address, Schieber's second argument that the Board lacked authority to recalculate his maximum sentence date, and his third argument that the Board unconstitutionally imposed a second sentence upon him for the same crime. She additionally identifies an issue that was not raised in either Schieber's administrative appeal to the Board or his petition for review to this Court. A no-merit letter must explain *why* and *how* the issues raised by the petitioner lack merit. *See Jefferson v. Pennsylvania Board of Probation and Parole*,

---

[9] Section 6138(a)(5)(i) of the Parole Code states:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a[n SCI] and the new sentence imposed on the person is to be served in the [SCI].
> >
> > . . . .

61 Pa. C.S. §6138(a)(5)(i).

6

705 A.2d 513, 514 (Pa. Cmwlth. 1998) (counsel's no-merit letter must analyze the petitioner's legal claims and give "substantial reasons for concluding that the claims are frivolous").

Because Counsel failed to analyze the second and third issues Schieber raised in his petition for review, her no-merit letter does not comply with the *Turner* requirements. Accordingly, we deny Counsel's motion to withdraw as counsel, without prejudice, and direct Counsel to file and serve, within 30 days, a new application for leave to withdraw and a no-merit letter that complies with *Turner*. Alternatively, if Counsel concludes that Schieber's petition for review has merit, Counsel shall file a brief to support Schieber's claims.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean Schieber,                          :
                   Petitioner       :
                                    :
       v.                          :     No.  1357 C.D.  2019
                                    :
Pennsylvania Board of Probation          :
and Parole,                             :
               Respondent       :

# **O R D E R**

AND NOW, this 4th day of February, 2021, the motion to withdraw as counsel filed by Allison D. Hartle, Esquire (Counsel), is DENIED, without prejudice.  Counsel is ORDERED to file and serve, within 30 days from the date of this Order, either an application for leave to withdraw her appearance and a no-merit letter that complies with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), or a brief addressing the merits of Petitioner Sean Schieber's petition for review.

_____
MARY HANNAH LEAVITT, President Judge