IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Dywayne Williams, : 
                 Petitioner : 
                 : 
       v. :    No. 903 C.D. 2020 
                 :    Submitted: July 16, 2021 
Pennsylvania Parole Board, : 
                 Respondent : 

BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE LEAVITT                                    FILED: October 28, 2021

Samuel Dywayne Williams, an inmate at the State Correctional Institution (SCI) at Mahanoy, petitions for review of an August 10, 2020, adjudication of the Pennsylvania Parole Board (Parole Board) recommitting him to serve 24 months of backtime as a convicted parole violator and recalculating his maximum sentence date as December 5, 2020. Williams contends that the Parole Board violated his constitutional rights and erred in its recalculation of his maximum sentence date. Williams' appointed counsel, Kent D. Watkins, Esquire (Counsel), of the Schuylkill County Public Defender's Office, has filed an application for leave to withdraw as Williams' counsel and a letter asserting that Williams' appeal lacks merit. For the following reasons, we deny Counsel's application to withdraw.

Williams was ordered by the Dauphin County Court of Common Pleas (trial court) to serve a sentence of 8 years, 6 months to 17 years for 6 counts of the manufacture, sale, delivery, or possession with intent to deliver a controlled substance; criminal conspiracy to commit the manufacture, sale, delivery, or

possession with intent to deliver a controlled substance; and possessing an instrument of crime. Certified Record (C.R. __) at 1. His maximum sentence date was November 17, 2019.

On November 20, 2015, Williams was paroled to the Capitol Pavilion Community Corrections Facility but was discharged for assaultive behavior. On December 28, 2015, the Parole Board recommitted Williams as a technical parole violator to serve six months for multiple technical parole violations. However, on May 19, 2016, the Parole Board granted him conditional reparole, and his sentence date was recalculated as May 15, 2020.

On June 13, 2017, Williams was arrested by the Harrisburg Police Department for the manufacture, delivery, or possession with intent to deliver, a controlled substance by a person not registered (two counts); the use of, or possession with intent to use, drug paraphernalia (two counts); and possession of a small amount of marijuana (one count). On June 20, 2017, Williams was formally charged under Sections 13(a)(30), (a)(31)(i) and (a)(32) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[1] The trial court set bail at $25,000 on June 14, 2017, which Williams did not secure.

On June 20, 2017, the Parole Board issued a notice of charges and hearing to Williams. The notice stated that a preliminary and detention hearing would be held on June 27, 2017. Williams waived his rights to counsel and a hearing, and he admitted violating his parole by failing to report and leaving the district without permission. By decision mailed on July 27, 2017, the Parole Board detained Williams pending disposition of the new criminal charges and recommitted him as a technical parole violator to serve nine months' backtime. The decision

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-113(a)(30), (a)(31)(i), (a)(32).

noted that Williams would be reparoled automatically without further action of the Parole Board on or after December 13, 2017, but no later than March 13, 2018, pending resolution of his outstanding criminal charges. The decision further stated that Williams' maximum sentence date remained May 15, 2020, but that the date was subject to change should he be convicted of the new criminal charges.

On January 4, 2018, the trial court modified Williams' bail to unsecured, and Williams was released from the Dauphin County Prison. Williams was returned to an SCI that day, however, and he remained confined on the Parole Board's warrant pending resolution of the criminal charges. On September 24, 2018, Williams pled guilty to two counts of the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance by a person not registered, under Section 13(a)(30) of the Drug Act, 35 P.S. §780-113(a)(30), and the remaining charges were withdrawn. Williams was sentenced the same day to two to four years of confinement in an SCI and granted credit on this new sentence for 216 days from June 3, 2017, to January 4, 2018.[2]

The Parole Board notified Williams that a revocation hearing would be held due to his new conviction, and Williams requested a panel hearing. Counsel entered his appearance on Williams' behalf on November 1, 2018, and the panel hearing was held the same day. At the hearing, the trial court's criminal docket and September 24, 2018, sentencing sheets were admitted into evidence, and Williams admitted to the new convictions.

On November 9, 2018, the Parole Board modified its July 27, 2017, decision by deleting the automatic reparole provision and recommitted Williams as

---

[2] The June 3, 2017, date appears to be a typographical error, as Williams was not arrested until June 13, 2017. C.R. 64, 83.

a convicted parole violator to serve 24 months' backtime concurrently with the nine months' backtime he was ordered to serve as a technical parole violator. The Parole Board, in its discretion, awarded Williams credit for the time he spent at liberty on parole and recalculated Williams' maximum sentence date as December 5, 2020.

On November 30, 2018, Williams, *pro se*, filed an administrative appeal, alleging that he had already served the nine months' backtime as a technical parole violator in accordance with the Parole Board's July 27, 2017, decision.[3] Accordingly, the Parole Board improperly extended his maximum sentence date by not crediting those nine months towards the 24 months' backtime he was ordered to serve as a convicted parole violator. Williams asserted that the Parole Board placed him in double jeopardy and violated his right to due process by extending his maximum sentence date. He also claimed that he was entitled to credit for the period of March 13, 2018, through November 7, 2018, because he had been in the Parole Board's sole custody since January 4, 2018.

On August 10, 2020, the Parole Board denied Williams' appeal. It explained that in recalculating his maximum sentence date, it had the discretion not to award credit for any time spent at liberty on parole. *See* Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2).[4] The Parole Board then explained its recalculation of his maximum sentence date. When Williams was

---

[3] Williams filed additional correspondence with the Parole Board on April 25, 2019, November 26, 2019, December 17, 2019, January 27, 2020, and June 9, 2020.

[4] It states:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2).

paroled on May 19, 2016, his maximum sentence date was May 15, 2020, which left 1,457 days remaining on his original sentence. The Parole Board, in its discretion, awarded Williams credit for 390 days for the time he spent at liberty on parole from May 19, 2016 (parole date), to June 13, 2017 (Parole Board warrant date). Subtracting 390 days from 1,457 days resulted in a total of 1,067 days left on Williams' original sentence when he was detained on the new criminal charges. The Parole Board awarded Williams credit for 264 days from June 13, 2017, to June 14, 2017 (arrest on new charges), and from January 4, 2018 (date bail posted on new charges), to September 24, 2018 (date of guilty plea and sentencing on new charges), because Williams was held solely on the Parole Board's warrant during those periods. The Parole Board did not award Williams any credit towards his original sentence for the period of June 14, 2017, to January 4, 2018, when he was held both on the new criminal charges and on the Parole Board's detainer. That time was credited towards his new sentence.

The Parole Board explained that a convicted parole violator released from an SCI who receives a new sentence to be served in an SCI must serve the original sentence first. *See* Section 6138(a)(5) of the Parole Code, 61 Pa. C.S. §6138(a)(5).[5] Because Williams was previously recommitted as a technical parole

---

[5] It states:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > *(i)    If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.*
> >
> > (ii)   If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

violator, he became available to serve his original sentence on September 24, 2018, when the trial court sentenced him. Adding 803 days[6] (1,067 days minus 264 days) to that date yielded a maximum sentence date of December 5, 2020. The Parole Board did not directly address Williams' constitutional argument.

On September 9, 2020, Williams, *pro se*, filed a petition for review in this Court. Again, he claims that the Parole Board placed him in double jeopardy by extending his maximum sentence date and by not crediting the nine months' backtime he served as a technical parole violator towards the 24 months' backtime he was ordered to serve as a convicted parole violator. Thus, the Parole Board erred in its recalculation of his maximum sentence date on those bases.

Counsel has filed an application for leave to withdraw along with a no-merit letter, asserting that Williams' claims lack merit. Following Counsel's filing of the application for leave to withdraw as counsel and no-merit letter, Williams filed a brief on his own behalf. The Parole Board also filed a responsive brief.

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the technical requirements appointed counsel must meet in order to withdraw from representation of a parolee. This Court summarized the requirements as follows:

> [C]ounsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must

---

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. §6138(a)(5) (emphasis added).

[6] The Parole Board incorrectly stated that it added 1,067 days to the September 24, 2018, availability date to get the December 5, 2020, recalculated maximum sentence date. C.R. 143. Adding 803 days to September 24, 2018, yields the December 5, 2020, recalculated maximum sentence date. This error does not affect our disposition of this matter.

6

provide a "no-merit" letter[,] which details "the nature and extent of [Counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless."

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). Counsel must also send the parolee a copy of the "no-merit" letter that satisfies the *Turner* requirements, furnish him with a copy of counsel's petition to withdraw, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf. *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). If counsel fails to satisfy the foregoing requirements, we will not reach the merits of the underlying claims but will merely deny counsel's request to withdraw. *Zerby*, 964 A.2d at 960.

Counsel's no-merit letter does not meet the *Turner* requirements because it does not address each of Williams' legal issues. Counsel's letter recounts the three issues Williams raised in his administrative appeal, two of which Williams raised in his petition for review to this Court. However, Counsel addresses only "[t]he time from June 14, 2017[,] when bail was set, until January 4, 2018[,] when bail was reduced to unsecured," which he explains was credited to Williams' new sentence. No-Merit Letter at 7. Counsel then explains as follows:

> [Williams] was released on May 19, 2016[,] with a longest maximum sentence of May 15, 2020. . . . Therefore[, Williams] owed 1,457 days until his maximum sentence. The period of time between June 14, 2017[,] when [Williams] was incarcerated on the new charges until he posted bail on January 4, 2018[,] is a period of 204 days. Adding 204 days to the originally calculated maximum sentence date of May 15, 2020[,] results in a maximum sentence date of December 5, 2020. This calculation gives [Williams] credit for all time he served in good standing on parole less the time he was incarcerated for the new criminal charges. Therefore, the . . . Parole Board's maximum sentence

7

> calculation of December 5, 2020[,] is correct. The record does not reveal any other issues that may be raised on Mr. Williams' behalf.
>
> In light of my exhaustive examination of the certified record, and research of applicable case law, I have concluded that Mr. Williams' appeal from the revocation of his parole has no basis in law or in fact and is, therefore, frivolous[.]

*Id.* at 7-8 (citation omitted).

Counsel's no-merit letter addresses one of Williams' issues, *i.e.*, the Parole Board's credit determination for the period of June 14, 2017, to January 4, 2018. In doing so, Counsel explains that this time of incarceration was credited to Williams' new sentence. No further explanation is necessary for this issue.

However, Counsel does not address Williams' argument that he already served his nine months' backtime as a technical parole violator from June 13, 2017, to March 13, 2018, which should have been credited towards the 24 months of backtime he was ordered to serve as a convicted parole violator. Likewise, Counsel does not address Williams' argument that the Parole Board placed him in double jeopardy by requiring him to serve his technical parole violation backtime twice. A no-merit letter must explain *why* and *how* the issues raised by the petitioner lack merit. *See Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998) (counsel's no-merit letter must analyze the petitioner's legal claims and give "substantial reasons for concluding that the claims are frivolous").

Because Counsel did not analyze all the issues Williams raises in the petition for review, his no-merit letter does not comply with the *Turner* requirements. Accordingly, we deny Counsel's application for leave to withdraw as counsel, without prejudice, and direct counsel to file and serve, within 30 days, a new application for leave to withdraw and an amended no-merit letter that complies

8

with *Turner* or, alternatively, a brief addressing the merits of Williams' petition for review.

_____

MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Dywayne Williams,  :
                       Petitioner  :
                                                   :
              v.  :  No. 903 C.D. 2020
                                                   :
Pennsylvania Parole Board,  :
                     Respondent  :

## **O R D E R**

AND NOW, this 28th day of October, 2021, the application to withdraw as counsel, filed by Kent D. Watkins, Esquire (Counsel), is DENIED, without prejudice. Counsel is ORDERED to file and serve, within 30 days from the date of this Order, either an amended application for leave to withdraw his appearance and an amended no-merit letter that complies with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), or a brief addressing the merits of Samuel Dywayne Williams' petition for review.

_____
MARY HANNAH LEAVITT, President Judge Emerita