IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Demetri Carroll,                                :
                                                :
                    Petitioner                  :
                                                :
         v.                                     : No. 1570 C.D. 2024
                                                : Submitted: March 3, 2026
Pennsylvania Parole Board,                      :
                                                :
                    Respondent :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                 FILED:  April 17, 2026


         Demetri Carroll (Parolee), a parolee formerly housed at the State
Correctional Institution (SCI) at Forest, petitions for review of a decision of the
Pennsylvania Parole Board (Board) denying his challenge to the Board Action
mailed May 30, 2024, which recommitted him as a convicted parole violator (CPV)
to serve 24 months' backtime, and recalculated his maximum sentence date as
November 2, 2043.  His counsel, Victoria Hermann, Esq. (Counsel), filed an
Application to Withdraw as Counsel (Application), along with a no-merit letter
(*Turner* Letter[1]), arguing that Parolee's appeal is frivolous and without merit.  After
thorough review, we grant Counsel's Application and affirm the Board's decision.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

On June 17, 2015, Parolee was sentenced to serve 8 years' to 30 years' imprisonment by the Lycoming County Court of Common Pleas (trial court) based on his guilty plea to one count of criminal attempt to commit homicide (Original Sentence). *See* Certified Record (CR) at 1. With a reception date of August 22, 2013, Parolee's minimum date of the Original Sentence was set to expire on August 22, 2021, and his maximum was set to expire on August 22, 2043. *Id.* at 2.

As the Board recounted in its decision under review:

> You were paroled on August 27, 2021[, *see* CR at 7,] with a max date of August 22, 2043. This left you with a total of 8030 days remaining on your sentence at the time of parole. The Board's decision to recommit you as a [CPV] authorized the recalculation of your sentence to reflect that you received credit for the time you were at liberty on parole from August 27, 2021 to June 13, 2023[,] when the Department of Corrections [(DOC)] lodged their detainer (655 days). Subtracting these 655 days means you now had a total of 7375 days remaining on your sentence. [*See id.* at 84-85.]

> On June 13, 2023[,] the [DOC] lodged its detainer against you. [*See* CR at 15] On September 29, 2022, you were arrested for new criminal charges for [f]ederal docket number 4:22-CR-335 and did not post bail. You were sentenced on April 26, 2024[,] to a term of [f]ederal confinement for 60 months with four years' supervised release [on your guilty plea to one count of conspiracy to distribute and possess with the intent to distribute controlled substances in violation of 21 U.S.C. §846. *See id.* at 24-49, 70-81.]

> Based on the above facts, you are entitled to back time credit towards your [O]riginal [S]entence from August 24, 2023 to April 26, 2024 (246 days)[,] because the [DOC] held you solely on its warrant. You were not given credit from June 13, 2023 to August 24, 2023[,] because you did not post bail prior to sentencing. Thus, you owed 7375 - 246 = 7129 days on your [O]riginal [S]entence.

2

You became available to commence service of your [O]riginal [S]entence on April 26, 2024, when you were sentenced for the federal docket. Adding 7129 days to that date yields a new maximum sentence date of November 2, 2043.

CR at 97-98.

In addition, the Board stated the following in its decision recommitting Parolee as a CPV:

REFER TO BOARD ACTION OF 7/28/2023 TO RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A [CPV] TO SERVE A RECOMMITMENT PERIOD OF 24 MONTHS.

* * *

YOU WILL BE REVIEWED FOR REPAROLE IN 08/2025.

THE BOARD IN ITS DISCRETION AWARDS CREDIT TO YOU FOR THE TIME SPENT AT LIBERTY ON PAROLE.

CR at 86.

On June 11, 2024, Parolee filed a petition for administrative review with the Board contesting the Board's calculation of his recommitment period, asserting that he should be considered for reparole prior to August of 2025. *See* CR at 88, 91-93. However, in rejecting Parolee's claim, the Board stated:

When you add 24 months to your availability date of April 26, 2024 (sentence date for federal sentence)[,] and then subtract your back time of 246 days, [the period of August 24, 2023 to April 26, 2024, during which DOC held you solely on its warrant,] this yields a review in August 2025.

*Id.* at 98. Parolee then filed the instant appeal of the Board's decision and Counsel filed the subsequent Application.

3

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[2] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be

---

[2] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that: (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Counsel's no-merit letter satisfies the technical requirements of *Turner*. Counsel states the following, in relevant part:

> On November 10, 2024, you filed a Petition for Review with the Commonwealth Court of Pennsylvania. In this Petition for Review, you challenge the Board not providing you credit for the approximate eight months you spent in state detention in 2022. On November 21, 2024, we had a conversation in which you further explained the eight months you were desiring credit for is the time you spent incarcerated in 2022 solely on the Board's detainer due to the dismissal of the state charges. However, you did properly receive credit from the Board for this time in 2022, you received credit for all of 2022 towards this sentence. There is only minimal time from when you were released on parole until you were revoked by the Board that was not credited to you specifically from June 13, 2023, to August 24, 2023, (72 days) because you did not post bail prior to sentencing on your federal charges. Thereby, there is not an issue to be raised on improper calculations by the Board.

*Turner* Letter at 2.

On independent review, we concur in Counsel's assessment. As outlined above, in its Recommitment Decision, the Board specifically granted Parolee credit for the period of time in question towards his Original Sentence. *See* CR at 86. Moreover, "[o]ur Supreme Court has held that '[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.'" *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1077 (Pa. Cmwlth. 2013) (quoting *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990)). Under Section 75.2 of the Board's regulations, the

5

presumptive range of backtime for Parolee's federal conviction encompasses a period of 18 to 24 months. 37 Pa. Code §75.2.[3] Because the amount of backtime imposed by the Board is within the presumptive range, we will not consider the propriety of the Board's recommitment term.

Accordingly, Counsel's Application is granted, and the Board's decision is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[3] Under 21 U.S.C. §841(b)(1)(B)(vi), Parolee's federal drug charge is graded as a felony with up to 40 years imprisonment as a penalty. "Pennsylvania's closest related crime category in terms of severity and punishment is Section 113(f)(1.1) of The Controlled Substance, Drug, Device and Cosmetic Act, [Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(f)(1.1),] which has a presumptive range of 18 to 24 months. *See* 37 Pa. Code §75.2." *Williams v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 337 C.D. 2017, filed June 25, 2018), slip op. at 5; *see also* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Demetri Carroll, : 
                       :
         Petitioner : 
                       :
      v. : No. 1570 C.D. 2024
                       :
Pennsylvania Parole Board, : 
                       :
         Respondent :

# **O R D E R**

AND NOW, this 17th day of <u>April</u>, 2026, the petition to withdraw as counsel filed by Victoria Hermann, Esq., is GRANTED, and the order of the Pennsylvania Parole Board dated October 24, 2024, is AFFIRMED.

The Prothonotary is directed to send a copy of this opinion and order to Petitioner Demetri Carroll.

_____
MICHAEL H. WOJCIK, Judge