IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eduardo Diaz,                            :
                                         :
                    Petitioner           :
                                         :
          v.                             :   No. 1348 C.D. 2024
                                         :   Submitted: December 8, 2025
Pennsylvania Parole Board,               :
                                         :
                    Respondent           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  June 25, 2026


          Eduardo Diaz (Inmate) petitions for review from an order of the
Pennsylvania Parole Board (Board) that denied his request for administrative review
challenging the calculation of his parole violation maximum date.  Currently before
this Court is a petition to withdraw as counsel (petition to withdraw or petition) filed
by Inmate's attorney, Kent D. Watkins, Esquire (Counsel), on the ground that
Inmate's appeal is without merit.

          Inmate has a lengthy and complex criminal history spanning multiple
jurisdictions and decades.  Inmate's initial convictions stem from Lehigh County,
Pennsylvania, where he was sentenced on September 3, 1993, for criminal
conspiracy to commit burglary, burglary, and unsworn falsification.  C.R. at 1.
Inmate was sentenced to an aggregate term of 11 months to 4 years.  *Id.*  Thereafter,

on May 26, 1994, Inmate was convicted of receiving stolen property and unsworn falsification and was sentenced to a term of five months to three years, six months.[1] At that point, Inmate's maximum sentence date was September 3, 1997. *Id.* at 2.

Inmate was paroled on August 11, 1994, and was released to a New Jersey detainer on September 20, 1994. C.R. at 4-5. Inmate was subsequently sentenced to three years' probation in Warren County, New Jersey, related to charges for prohibited alteration of motor vehicle identification number. *Id.* at 21.

On January 8, 1996, Inmate was arrested in the state of Connecticut, and the Board issued a warrant for Inmate's arrest on January 11, 1996. C.R. at 9, 10. On December 12, 1997, Inmate was convicted in Fairfield County Connecticut Superior Court of two counts of assault and one count of kidnapping. Inmate was sentenced to 20 years for each count, for a total sentence period of 60 years. *Id.* at 10, 20. Thereafter, on March 16, 1998, Inmate was convicted in Federal Court of possession with intent to deliver crack cocaine and was sentenced to 150 months to run concurrent with his 60-year sentence. *Id.* at 22, 23.

On January 10, 2024, Inmate was granted parole in Connecticut to his Pennsylvania detainer. C.R. at 54. On February 23, 2024, the Board issued a notice of charges and hearing, charging Inmate as a technical parole violator (TPV) for traveling to Connecticut without permission and as a convicted parole violator (CPV) based on his Connecticut convictions. *Id.* at 10. Inmate signed a "waiver of revocation hearing and counsel/admission form" relative to the charges. *Id.* at 14.[2]

---

[1] That same day, Inmate was sentenced to one year probation based on a disorderly conduct conviction. C.R. at 3.

[2] Therein, Inmate admitted to the violations and agreed that the admission was binding and could "only be withdrawn if I submit a written withdrawal to my supervising agent within ten (10) calendar days of the day written above." C.R. at 14.

A hearing examiner then issued a hearing report determining that Inmate should be recommitted as a TPV and CPV. *Id.* at 28-39. By revocation decision dated April 24, 2024, Inmate was recommitted to serve concurrent terms of 6 months as a TPV and 24 months as a CPV. *Id.* at 78-79. The Board calculated his new maximum sentence date as December 24, 2026, and declared he would not be eligible for reparole until January of 2026. *Id.* Furthermore, the Board did not award credit for time spent at liberty on parole, citing that Inmate's new convictions were assaultive in nature. *Id.*

Inmate, representing himself, requested administrative review of the Board's April 24, 2024 decision asserting that the Board erred in not allowing him to serve the balance of his original term of confinement before serving his new term of confinement in violation of Section 6138(a)(5.1) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. §6138(a)(5.1). Subsumed in this argument were assertions that in January of 1996, the State of Connecticut offered to give the Board custody of Inmate but the Board "refused the offer until [Inmate] completed any State of Connecticut [s]entence." C.R. at 82. Inmate further asserted that in 1998, he requested that the Board extradite him to Pennsylvania so that he could resolve the pending Board warrant issued on January 11, 1996. *Id.* at 82-83. Inmate averred that he has suffered "sleeplessness, anxiety, worries, lack of hunger, and many other physical, mental and/or psychological symptoms" resulting from the "unresolved/and or unexecuted" Board warrant. *Id.* at 85. Inmate argued that the Board's actions violated the Parole Code as well as his rights under the Pennsylvania and United States Constitutions.

Inmate also argued that the Board failed to credit him "for all the time [he] was held on [the Board's] parole warrant/detainer." C.R. at 88. Inmate

maintained that by recommitting him as a TPV/CPV, the Board "altered the judicially imposed sentence" by extending Inmate's maximum sentence date from September 3, 1997, to December 24, 2026. *Id.* at 89. Inmate sought credit "for all the time [he] was on [the Board's warrant] from January of 1996 through February 14, 2024." *Id.* at 90. Inmate also asked for immediate release from custody or a modification of his recommitment period. *Id.* at 94.

By decision mailed September 17, 2024, the Board denied Inmate's request for administrative review. *Id.* at 99-101.[3] From this decision, Counsel filed a petition for review on Inmate's behalf asserting that the Board failed to give Inmate credit for all time served exclusively pursuant to the Board's warrant or while incarcerated; abused its discretion by failing to give Inmate credit for all time in good standing on parole; and failed to hold Inmate's hearing in a timely manner. Thereafter, on March 4, 2025, Counsel filed a petition to withdraw as counsel along with a no-merit letter based on his belief that Inmate's appeal is without merit. This matter is now before us for disposition.

**Petition to Withdraw**

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit,

---

[3] The Board's decision did, however, recalculate Inmate's maximum sentence date to December 21, 2026, giving Inmate confinement credit from January 29, 1995, to February 1, 1995—a period in which Inmate was held on a Board detainer for new criminal charges that were not pursued. C.R. at 100.

and requesting permission to withdraw.[4] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Counsel's no-merit letter satisfies the technical requirements of *Turner*. Counsel states that he conducted an exhaustive examination

---

[4] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that: (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

of the record and applicable case law. He sets forth the issues Inmate raised in his petition for review and also sets forth the subsidiary issues Inmate raised in his administrative appeal. Counsel provides a thorough analysis as to why these issues lack merit, and he cites applicable statutes, case law and the certified record in support.

Counsel explains that to the extent Inmate argues that his revocation hearing was not held in a timely manner, this argument is moot because Inmate waived his right to a revocation hearing. Even if this was not the case, the record reflects that Inmate's revocation hearing was scheduled to be held within 120 days of Inmate's return to the State Correctional Institution (SCI) at Smithfield as required by 37 Pa. Code §71.4. Second, the Board did not err in not awarding Inmate time spent at liberty on parole based on the seriousness and assaultive nature of his Connecticut convictions. Third, the Board did not err when Inmate was not allowed to serve the balance of his Pennsylvania sentence before serving his Connecticut sentence as Inmate was being held outside of Pennsylvania at the time of his Connecticut convictions. Fourth, insofar as Inmate argues that the Board failed to credit him for the time between January 11, 1996 (the date the Board issued its warrant) and February 14, 2024 (the date Inmate arrived at SCI Smithfield), Counsel notes that Inmate was not being held solely on the Board's warrant during that time period. Finally, Counsel emphasizes that the Board did not alter Inmate's judicially imposed sentence; rather, the Board changed Inmate's parole violation maximum date.

Based on his review, Counsel concludes that Inmate's appeal to this Court is without merit, and he requests permission to withdraw. Counsel provided Inmate with a copy of the no-merit letter and his request to withdraw. He advised

6

Inmate of his right to retain new counsel or proceed by representing himself. As we are satisfied that Counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall grant his petition.

We note that while Counsel's petition to withdraw was pending, Inmate filed a brief in support of his petition for review on June 27, 2025. Thereafter, the Board filed an application seeking to stay the briefing schedule pending disposition of Counsel's petition to withdraw. The Board advised that, in the event Counsel's petition to withdraw was granted, it would file a brief addressing the issues raised in Inmate's brief. Board's Application for Relief/Request to Stay Briefing Schedule, 8/28/2025, ¶12. By order dated September 4, 2025, we granted the application to stay. In light of our disposition of Counsel's petition to withdraw, this Court's order of September 4, 2025, is vacated, and the stay of the briefing schedule is lifted. The Board shall file and serve its merits brief within 30 days of the exit date of this Court's order.

_____
MICHAEL H. WOJCIK, Judge

Senior Judge Leavitt dissents and wishes to be so noted.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eduardo Diaz,               :
                                   :
           Petitioner    :
                                   :
         v.               : No. 1348 C.D. 2024
                                   :
Pennsylvania Parole Board,    :
                                   :
          Respondent :

# **O R D E R**

AND NOW, this 25th day of June, 2026, the petition to withdraw as counsel filed by Kent D. Watkins, Esquire, is GRANTED. This Court's order of September 4, 2025, is VACATED and the stay of the briefing schedule is LIFTED.

The Pennsylvania Parole Board shall file and serve its merits brief within 30 days of the exit date of this order.

The Prothonotary is directed to send a copy of this opinion and order to Petitioner Eduardo Diaz.

                                                   _____

                                                   MICHAEL H. WOJCIK, Judge