IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brant Zeiber,                          :
                                       :
                    Petitioner         :
                                       :
          v.                           : No. 225 C.D. 2022
                                       : Submitted: November 4, 2022
Pennsylvania Parole Board,             :
                                       :
                    Respondent :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: July 31, 2023


          Brant Zeiber (Parolee) petitions for review from an order of the
Pennsylvania Parole Board (Board) that denied his request for administrative review
challenging the Board's failure to award credit for time served on the Board's
detainer and time served in good standing on parole. Also before us is an application
to withdraw as counsel filed by Parolee's court-appointed attorney, Kent D. Watkins,
Esquire (Counsel), on the ground that Parolee's appeal is without merit. For the
reasons that follow, we grant Counsel's application to withdraw as counsel, and we
affirm the Board's order.

# I. Background

Parolee was serving multiple sentences. Parolee was serving a 5- to 10-year sentence for his conviction for prohibited firearm possession. This sentence ran concurrently with a 5- to 10-year sentence for drug manufacture, sale, delivery or possession with intent to deliver. In addition, Parolee was sentenced to a consecutive 1- to 3-year sentence for burglary. Parolee's minimum sentence date was February 14, 2017, with a maximum date of February 14, 2024. Certified Record (C.R.) at 1.

On February 14, 2017, the Board released Parolee on parole. At the time of his parole, 2,556 days remained unserved on his original sentences. C.R. at 131. On March 6, 2019, the Board arrested and detained Parolee for violating condition #5B of his parole (refrain from owning or possessing any firearm or any other weapon). *Id.* at 15; *see id*. at 8. The Board alleged that Parolee possessed a crossbow with three bolts and three large, bladed hunting knives. *Id*. at 15. On March 18, 2019, Parolee admitted to the violation and waived his right to a violation hearing. *Id*. at 14. As the result of this admission, by action dated on April 12, 2019, the Board recommitted Parolee as a technical parole violator (TPV) to serve six months' backtime. *Id*. at 34-36.

Shortly thereafter, while serving time as a TPV, on May 6, 2019, local authorities charged Parolee with felony possession of a firearm and other crimes. C.R. at 40. On May 21, 2019, bail was set at $50,000, which Parolee did not post. *Id*. at 109.

On June 4, 2021, Parolee pleaded guilty to misdemeanor possession of an instrument of a crime, and he was sentenced to 28 months to 56 months. C.R. at 71. All other charges were nolle prossed. *Id*. at 71, 82, 109. He returned to Board custody on June 4, 2021.

As a result of the new conviction, the Board charged Parolee as a convicted parole violator (CPV). C.R. at 40. The Board held a revocation hearing on July 19, 2021. *Id*. at 84-97. Parolee waived his right to counsel and participated in the hearing *pro se*. *Id*. at 65, 85. At the hearing, Parolee acknowledged his new conviction. *Id*. at 93-94.

By decision dated September 9, 2021, the Board recommitted Parolee as a TPV, referring to prior Board action dated April 12, 2019, and as a CPV to serve 12 months concurrently for a total of 12 months' backtime. C.R. at 120. The Board credited Parolee's backtime with 76 days for time served solely on the Board's detainer from the date of his arrest for technical parole violations, March 6, 2019, to the date that bail was set on the new criminal charges, May 21, 2019. *Id*. However, the Board did not award credit for any time that he spent at liberty on parole because the new offense involved the possession of a weapon. *Id*. at 121. By applying the 76-day credit to Parolee's 2,556 days owed on his original sentences, the Board determined that Parolee still owed 2,480 days. *Id.* at 118. By adding 2,480 to his June 4, 2021 custody of return date, the Board recalculated his new maximum sentence date to March 19, 2028. *Id*. at 118, 120.

Parolee, represented by Counsel, requested administrative review[1] of the Board's decision contending that the Board erred by not crediting him with all time served solely on the Board's detainer and/or abused its discretion by not crediting him with the time that he spent at liberty on parole. *Id.* at 127. By decision dated February 18, 2022, the Board denied Parolee's request for administrative review upon determining that the Board did not err or abuse its discretion in the

---

[1] Parolee filed an "Administrative Remedies Form," which the Board treated as a request for administrative review because Parolee objected to his recalculated maximum date.

3

application of credit and calculation of his maximum date. *Id*. at 131-33. Thus, the Board affirmed its recommitment decision. *Id.* at 133.

From this decision, Counsel filed a petition for review in this Court reasserting these same issues. Shortly thereafter, Counsel filed an application to withdraw as counsel along with a no-merit letter based on his belief that Parolee's appeal is without merit. This matter is now before us for disposition.

## II. Application to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[2] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

---

[2] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and, (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Counsel's no-merit letter satisfies the technical requirements of *Turner*. Counsel states he conducted an exhaustive and thorough review of the record, applicable statutes, and case law. He sets forth the issues raised in the petition for review that the Board erred by failing to award Parolee for all time served on the Board's detainer and abused its discretion by failing to award credit for all time served in good standing on parole. Counsel provides a procedural history of the case and a thorough analysis as to why these issues lack merit, which includes citations to applicable statutes, regulations, case law, and the certified record in support.

Counsel explained that the Board did not err or abuse its discretion in the application of credit and calculation of Parolee's maximum sentence date. Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2), provides that a parolee who is convicted of committing a crime while on parole may be recommitted to serve the unserved balance of his original maximum sentence and may be denied credit for "time at liberty on parole." Under

5

Section 6138(a)(5)(i) of the Parole Code, 61 Pa. C.S. §6138(a)(5)(i), the parolee is required to serve the balance of his original state sentence before serving his new state sentence.

On March 6, 2019, the Board arrested and detained Parolee for technical parole violations. Shortly thereafter, local authorities charged Parolee with new criminal charges, to which he later pleaded guilty and was sentenced to 28 months to 56 months in prison. Bail was set on the new charges on May 21, 2019, but was not posted. The Board properly credited Parolee's original sentence for time spent incarcerated solely on the Board's detainer, from his March 6, 2019 arrest for technical parole violations, to the date that bail was set on the new criminal charges, May 21, 2019. Parolee is not entitled to credit for any other time served on the Board's detainer because time spent incarcerated from May 21, 2019, until sentencing and return to Board custody on June 4, 2021, applied toward Parolee's new sentence.

Upon his recommitment, Parolee was subject to serve the unexpired term of his original sentence. 61 Pa. C.S. §6138(a). Although the Board had discretion to award credit for the time that he spent at liberty on parole, the Board declined to credit any of Parolee's street time because the new offense involved the possession of a weapon. Citing case law, Counsel explains that this is a sufficient articulation of a reason for denying credit.

When Parolee was originally paroled on February 14, 2017, his maximum sentence date was February 14, 2024, which meant that he still owed 2,556 days on his original sentence. Deducting 76 days of credit from the 2,556 backtime owed, left 2,480 days still remaining. Adding 2,480 days to the June 4,

6

2021 custody for return date yielded a recalculated maximum sentence date of March 19, 2028.

Based on his review, Counsel concludes that Parolee's appeal to this Court is without merit, and he requests permission to withdraw from representation. Counsel provided Parolee with a copy of the no-merit letter and his request to withdraw. He advised Parolee of his right to retain new counsel or proceed by representing himself.[3] As we are satisfied that Counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Parolee's petition for review lacks merit.[4]

### III. Independent Review

Parolee claims that the Board erred and abused its discretion by not affording him all credit to which he was entitled and then miscalculating his maximum sentence date. Parolee contends he was entitled to credit for all time served on the Board's detainer, not just the 76 days credited. He also contends the Board abused its discretion by denying him credit for all time served in good standing while on parole.

Section 6138(a) of the Parole Code governs parole violations for convicted violators providing, in pertinent part:

---

[3] Parolee did not retain new counsel or file a brief in support of his petition for review.

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

7

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

(2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted* and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) *The [B]oard may, in its discretion, award credit* to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

    (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

    (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a) (emphasis added).

Section 6138(a)(2) of the Parole Code authorizes the Board to recommit CPVs to serve the remainder of the term they would have been required to serve had they not been paroled, except as provided under subsection (2.1). 61 Pa. C.S. §6138(a)(2). Subsection (2.1) grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence, except when the CPV is recommitted for the reasons stated in subsections 6138(a)(2.1)(i) and (ii).

8

61 Pa. C.S. §6138(a)(2.1)(i), (ii); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017).

In the exercise of this discretion, the Board must conduct an "individual assessment of the facts and circumstances surrounding [a parolee's] parole revocation." *Pittman*, 159 A.3d at 474. Further, the Board must "articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* Although the Board has broad discretion to grant or deny such credit, its decision is subject to appellate review and must be reversed or vacated as an abuse of discretion where the Board has based its denial of credit on an erroneous premise. *Id.* at 474-75 and 475 n.12. Where the Board denies credit for time served at liberty on parole, this time is applied to the original maximum expiration date to create a new maximum date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

In addition, "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003); *accord Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 n.6 (Pa. 1980); *see Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 769 (Pa. 2017) (holding *Martin* and *Gaito* remain the rule in this Commonwealth for how credit is applied). As our Supreme Court held in *Gaito*:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy

9

> bail requirements on the new criminal charges, then the
> time spent in custody shall be credited to his new sentence.

412 A.2d at 571.

Upon his parole, Parolee acknowledged his parole conditions, including: "[I]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for liberty on parole." C.R. at 8. On June 4, 2021, Parolee pled guilty to misdemeanor possession of an instrument of a crime, and he was sentenced to 28 months to 56 months. *Id*. at 71. Upon his recommitment as a CPV, Parolee was subject to serve the unexpired term of his original sentence. 61 Pa. C.S. §6138(a). Although the Board had discretion to award credit for the time spent at liberty on parole,[5] the Board declined to credit any of Parolee's street time because the new offense involved possession of a weapon. C.R. at 121. This a sufficient articulation of a reason for denying credit. *See Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019) (notation that the new conviction was similar to original offense and early failure after only eight months on the street was a sufficient articulation of reason for denying credit); *see also Pittman*, 159 A.3d at 475 n.12 ("the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances"). We conclude that the Board did not abuse its discretion by denying time spent at liberty on parole.

Further, Parolee was not entitled to credit against his original sentence for *all* time spent incarcerated between his date of arrest on his new criminal charges

---

[5] Parolee was not convicted of a crime of violence, did not commit a crime requiring sex offender registration, and was not subject to a federal removal order. *See* 61 Pa. C.S. §6138(a)(2.1)(i) and (ii).

10

and sentencing and date of return to Board custody, only time served solely on the Board's detainer. At the time Parolee was charged with new criminal charges on May 6, 2019, he was serving time as a TPV under the Board's jurisdiction. Bail was set on the new criminal charges on May 21, 2019, but not posted. By failing to post bail on the new criminal charges, Parolee was no longer detained solely on the Board's warrant from that point forward. The Board properly credited Parolee's backtime for time served solely on the Board's detainer from his March 6, 2019 arrest for technical parole violations, to May 21, 2019, when bail was set on the new criminal charges, for a total of 76 days. *Id*. However, Parolee was not entitled to credit against his original sentence for the period of detention between May 21, 2019, and his custody of return, as this period is applicable to his new sentence. *See Martin*. Upon review, the Board did not err or abuse its discretion by denying this time towards Parolee's original sentence.

When Parolee was paroled on February 14, 2017, his maximum sentence date was February 14, 2024, which left an unserved balance of 2,556 days remaining on his original sentence. C.R. at 118. The Board credited Parolee with 76 days spent solely on the Board's detainer, leaving 2,480 days owed on his original sentence. *Id.* at 118. By adding 2,480 days to his custody of return date of June 4, 2021, the Board recalculated his new maximum sentence date to March 19, 2028. *Id*. at 118, 120. Upon review, the Board did not err in calculating Parolee's new maximum sentence date.

11

## IV. Conclusion

Upon review, we agree with Counsel that Parolee's claims are without merit. Accordingly, we grant Counsel's application to withdraw as counsel, and we affirm the order of the Board denying Parolee's request for administrative review.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brant Zeiber,                          :
                                       :
                    Petitioner         :
                                       :
          v.                           :  No. 225 C.D. 2022
                                       :
Pennsylvania Parole Board,             :
                                       :
                    Respondent         :

# **O R D E R**

AND NOW, this 31st day of July, 2023, the order of the Pennsylvania Parole Board, dated February 18, 2022, is AFFIRMED, and the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire, is GRANTED.

_____
MICHAEL H. WOJCIK, Judge