IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juevour Christophe Burhannan,  :
                                :
            Petitioner          :
                                :
        v.                      : No. 219 C.D. 2022
                                : Submitted: December 9, 2022
Pennsylvania Parole Board,      :
                                :
            Respondent          :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: September 22, 2023


          Presently before this Court is the application of Kent D. Watkins, Esquire (Counsel) for leave to withdraw as counsel for Juevour Christophe Burhannan (Parolee). Parolee has filed a petition for review of the decision of the Pennsylvania Parole Board (Board) affirming its prior decision that recommitted him as a convicted parole violator (CPV) and recalculated his parole violation maximum sentence date. Counsel seeks leave to withdraw on the grounds that Parolee's petition for review is without merit. For the following reasons, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

# I. Background

On July 23, 2018, Parolee was initially sentenced to 2 concurrent terms of incarceration of 90 days and 1 to 3 years based on his guilty pleas to charges of possession of a controlled substance with the intent to deliver (PWID), and criminal use of a communication facility (CUCF), in the Dauphin County Court of Common Pleas (trial court). Certified Record (CR) at 1-2. With an effective date of May 7, 2018, Parolee had a minimum sentence date of May 7, 2019, and a maximum sentence date of May 7, 2021. *Id.* at 2. On March 6, 2019, the Board issued a decision granting Parolee parole,[1] and he was released on parole on June 19, 2019, with 688 days (1 year, 10 months, and 18 days) remaining on his original sentence. *Id.* at 4-6, 8, 58-59.

On April 16, 2020, the Penbrook Borough Police Department charged Parolee with one count each of driving while his license was suspended (DWLS), failure to use a safety belt, and operating unsafe equipment. CR at 34-41. On June 9, 2020, the Susquehanna Township Police Department charged Parolee with one count each of PWID, delivery of drug paraphernalia, and CUCF. *Id.* at 22-30.[2] Parolee did not post bail on the new criminal charges. *Id.* at 20, 23, 31, 35.

On February 25, 2021, Parolee pleaded guilty to the PWID and DWLS charges, and was sentenced to concurrent terms of 18 to 36 months' imprisonment and 90 days' imprisonment, respectively. CR at 24, 27, 36, 39. Parolee became available to the Board and returned to its custody on April 21, 2021. *Id.* at 58.

---

[1] By decision dated April 9, 2019, the Board changed the program, the completion of which was necessary under the parole conditions imposed in the Board's March 6, 2019 decision. *See* CR at 7.

[2] That same day, the Board issued a warrant to commit and detain Parolee. CR at 12. On June 29, 2020, the Board issued a decision to detain Parolee pending disposition of the new criminal charges. *Id.* at 13.

On April 7, 2021, the Board issued a Notice of Charges and Hearing to revoke Parolee's parole based on the new criminal convictions. CR at 44. That same day, Parolee executed a Waiver of Revocation Hearing and Counsel/Admission Form in which he knowingly, intelligently, and voluntarily waived his right to a parole revocation hearing and his right to counsel at that hearing, and admitted that he pleaded guilty to the new criminal charges. *Id.* at 42-43.[3] As a result, by decision dated July 14, 2021, the Board recommitted Parolee as a CPV to serve the unexpired term of 688 days (1 year, 10 months, 18 days) remaining on his original sentence. *Id.* at 60-61. The Board denied Parolee credit for the time that he spent at liberty on parole,[4] and recalculated his parole violation maximum date to be March 10, 2023. *Id.* at 58, 60-61.

On August 3, 2021, Parolee submitted a timely *pro se* Administrative Remedies Form to the Board. CR at 62-65. In his appeal, Parolee claimed: (1) the Board erred in failing to grant him credit for the time that he spent at liberty on parole because his new convictions were not for crimes of violence; and (2) the Board

---

[3] The forms signed by Parolee on that date advised him of his right to counsel at a hearing before the Board and his right to appointed counsel if he could not afford counsel of his choice. CR at 42.

[4] Specifically, in its decision, the Board noted:

> -- [PAROLEE] COMMITTED A NEW CONVICTION THAT IS THE SAME OR SIMILAR TO THE ORIGINAL OFFENSE THEREBY WARRANTING [THE] DENIAL OF CREDIT FOR TIME AT LIBERTY ON PAROLE.
>
> -- [PAROLEE] HAS A HISTORY OF SUPERVISION FAILURE(S) IN PROBATION AND/OR PAROLE TO WARRANT DENYING [HIM] CREDIT FOR TIME AT LIBERTY ON PAROLE.

CR at 60; *see also id.* at 14-19 (outlining Parolee's Supervision History and Sanction History).

3

violated his due process rights by illegally altering the maximum date of his original one- to three-year sentence, that was imposed by the trial court, from May 7, 2021, to March 10, 2023.  *Id.* at 63-64.[5]

---

[5] Following the submission of his initial August 3, 2021 Administrative Remedies Form, Parolee submitted other items of correspondence to the Board on October 21, 2021, and November 29, 2021, that contained additional legal argument regarding purported Board error.  *See* CR at 66-71.  However, Section 73.1(a)(1) and (4), and (b)(1) and (3) of the Board's regulations states, in relevant part:

> (a) *Appeals.*
>
> > (1) An interested party, by counsel unless unrepresented, may appeal a revocation decision.  Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order. . . .
>
> > \* \* \*
>
> > (4) Second or subsequent appeals and appeals which are out of time under these rules will not be received.
>
> (b) *Petitions for administrative review.*
>
> > (1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a).  Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. . . .
>
> > \* \* \*
>
> > (3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

37 Pa. Code §73.1(a)(1) and (4), (b)(1) and (3).

On February 18, 2022, the Board mailed Parolee a decision affirming its July 14, 2021 recommitment decision[6] in which it stated, in pertinent part:

> The decision on whether to grant or deny a CPV credit for time at liberty on parole is purely a matter of discretion. [Section 6138(a)(2.1) of t]he Prisons and Parole Code [(Code)] authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa. C.S. §6138(a)(2.1). Pursuant to the Supreme Court's ruling in *Pittman v.* [*Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 475 (Pa. 2017),] the Board must articulate the basis for its decision to grant or deny a CPV credit for time spent at liberty on parole. In this case, the Board articulated that you were denied such credit because you committed a new offense that is the same or similar to the original offense, and because you have a history of supervision failure in probation and/or parole that warrant[s] denying credit for time at liberty on parole. The record reveals prior recommitment from your previous state sentence, in addition to two separate convictions [as to] which the Board took no action against you. Your current sentence was for [PWID] and your latest criminal conviction was for PWID. Based on the above facts, the panel finds that the reason provided to deny you credit for the time spent at liberty on parole is supported by the record and [is] sufficient.

CR at 73.[7] On March 10, 2022, Parolee filed the instant *pro se* petition for review.

---

[6] On December 27, 2021, during the pendency of the Board's consideration of his Administrative Remedies Form, Parolee filed a Petition for Mandamus in our original jurisdiction asking this Court to compel the Board to dispose of his administrative appeal. By April 7, 2022 Order, in light of the Board's February 18, 2022 decision, we dismissed the matter as moot. *See Burhannan v. Facility Manager at SCI-Mahanoy* (Pa. Cmwlth., No. 483 M.D. 2021, filed April 7, 2022).

[7] The Board also disposed of Parolee's subsequent additional submissions stating: "Your correspondence received October 25, 2021 (postmarked 10/22/2021)[,] and December 6, 2021 (postmarked 12/1/2021)[,] is noted; however, any additional substantive issues raised therein need not be considered. 37 Pa. Code §73.1." CR at 73.

On March 17, 2022, Counsel was appointed to represent Parolee in this appeal. Shortly thereafter, Counsel filed a petition to withdraw as counsel along with a no-merit letter based on his belief that Parolee's appeal is without merit. This matter is now before us for disposition.

## II. Application to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner seeks to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[8] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish

---

[8] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Counsel's no-merit letter satisfies the technical requirements of *Turner*. Counsel states that he has conducted a review of the record, applicable statutes, and case law. He sets forth the issues that Parolee wishes to have reviewed, specifically that the Board: (1) lacks the authority to alter Parolee's judicially imposed maximum sentence date; and (2) erred by denying credit for the time that he spent at liberty on parole. Counsel provides a thorough analysis as to why these issues lack merit, citing the applicable statutes, case law, and certified record in support of his conclusions.

Counsel has reviewed the Board's recalculation of Parolee's maximum sentence date, verifies that it is not an alteration of a judicially imposed sentence, and concludes that it was correctly calculated. Counsel further explains that a parolee who is convicted of a crime while on parole may be recommitted to serve the unserved portion of his original maximum sentence and may be denied credit for street time under Section 6138(a)(2) of the Code. The Board has the discretion to credit a nonviolent CPV with street time, but it is not required to do so under *Pittman*, 159 A.3d at 473.

7

Based on his review, Counsel concludes that Parolee's appeal to this Court lacks merit, and he requests permission to withdraw. Counsel provided Parolee with a copy of the no-merit letter and his request to withdraw. He advised Parolee of his right to retain new counsel or proceed *pro se*. As we are satisfied that Counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Parolee's petition for review lacks merit.[9]

### III. Independent Review
#### A.

Parolee first asserts that the Board lacks the constitutional or statutory authority to alter his "judicially imposed sentence" by recalculating his original maximum sentence date following its expiration. It is clear that this argument rests entirely on Parolee's mistaken belief that the maximum **date** of his sentence, rather than the maximum **length** of his sentence, is controlling for purposes of recalculating his parole violation maximum date.

Section 6138(a)(1) of the Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). In addition, Section 6138(a)(2) of the Code states:

> If the offender's parole is revoked, ***the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted*** and, except as provided under

---

[9] Our scope of review is limited to determining whether constitutional rights were violated, whether the Board's adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2) (emphasis added). Thus, because Parolee was recommitted as a CPV, he must serve the remainder of the term that he would have been compelled to serve had parole not been granted, with no credit for the time spent at liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award him credit. *Hughes v. Pennsylvania Board of Probation and Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2018); *see also Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979) ("[The] Board's power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power.").

Moreover, "[i]t is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator[, and thus recalculate his maximum sentence date,] after the expiration of the maximum term, so long as the crimes that le[d] to the conviction occurred while the individual [was] on parole." *Miskovitch*, 77 A.3d at 73;[10] *see also Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005) ("There is no doubt that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole[,] but is not convicted until after his original sentence expired.") (citation omitted).

In this case, there is no dispute that the crimes to which Parolee ultimately pleaded guilty occurred on April 15, 2020, and on June 5, 2020, respectively, when he was at liberty on parole from his original sentence. *See* CR at 23, 35. The fact that Parolee did not plead guilty to the new charges until February 25, 2021, and was not recommitted as a CPV until July 14, 2021, after the expiration

---

[10] In *Miskovitch*, 77 A.3d at 74, the parolee received new charges while on parole in 2004, his original sentence expired in 2008, and he was not convicted on the new charges until 2010.

9

of the old maximum date of his original sentence, is irrelevant. Neither the date of conviction, nor the date on which the Board recommitted Parolee, is the operative date. Rather, the dates that Parolee committed the new offenses that led to his recommitment as a CPV are controlling. As such, we reject his claim that the Board lacked authority to recommit him as a result of the crimes that he committed while on parole, and to recalculate a new maximum sentence date after the expiration of the original maximum sentence date of May 7, 2021.

As indicated, when Parolee was paroled on June 19, 2019, 688 days (1 year, 10 months, 18 days) remained on his original sentence. CR at 4-6, 8, 58. He returned to the Board's custody on April 21, 2021, and he was recommitted as a CPV on July 14, 2021. As a result, the Board's recommitment decision properly added the remainder of his original sentence, 688 days (1 year, 10 months, 18 days), to the date of his return to the Board's custody, to calculate his new maximum sentence date to be March 10, 2023. *Id.* at 58-61. Parolee's claims to the contrary are without merit.

### B.

Finally, Parolee asserts that the Board erred by refusing to award him credit for the time that he spent at liberty on parole. As noted above, Section 6138(a)(2.1) of the Code grants the Board the discretion to award credit to a CPV recommitted for the reasons stated therein. *Pittman*, 159 A.3d at 473.[11] When

---

[11] Specifically, Section 6138(a)(2.1) states:

> (2.1) The [B]oard may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

**(Footnote continued on next page…)**

exercising this discretion, the Board must conduct an "individual assessment of the facts and circumstances surrounding [a parolee's] parole revocation." *Id.* at 474. Further, the Board must "articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* Although the Board has broad discretion to grant or deny such credit, its decision is subject to our review, and must be reversed or vacated as an abuse of discretion, where the Board has based its denial of credit on an erroneous premise. *Id.* at 474-75. Moreover, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. Where the Board denies credit for the time served at liberty on parole, that time is applied to the original maximum sentence date to create a new maximum sentence date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

In the instant case, Parolee was not convicted of a crime of violence, did not commit a crime requiring sex offender registration, and was not subject to a federal removal order. *See* 61 Pa. C.S. §6138(a)(2.1)(i) and (ii). Thus, although Parolee qualified for credit under the Code, it was within the Board's discretion to grant or deny him credit for the time that he spent at liberty on parole. *See id.*; *Pittman*, 159 A.3d at 473. The Board chose to deny credit and contemporaneously

---

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa. C.S. Ch. 97 Subch. H1 (relating to registration of sexual offenders) or I2 (relating to continued registration of sexual offenders).

(ii) The offender was recommitted under section 6143 (relating to early parole of offenders subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1).

11

articulated Parolee's commission of the PWID offense as the crime underlying both his original sentence and his recommitment as a CPV, and his history of supervision failures, as the reasons for the denial of credit. CR at 60.

The foregoing Board reasoning constitutes valid bases to deny credit upon Parolee's recommitment. *See Smoak v. Talaber*, 193 A.3d 1160, 1164 (Pa. Cmwlth. 2018) (holding that the Board's stated reason of "unresolved drug and alcohol issues" is a valid basis to deny credit under the *Pittman* standard); *see also King v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 875 C.D. 2019, filed November 10, 2020), slip op. at 7-8 ("[W]e have recognized that the Board's statement that a CPV has a 'prior history of supervision failures' is sufficient to meet the *Pittman* standard as long as that statement is supported in the record.") (citations omitted).[12] Because the Board's stated bases for denying credit are amply supported by the record herein, we find no error or abuse of discretion in the Board's decision to deny credit for the time that Parolee spent at liberty on parole.

Accordingly, we grant Counsel's application for leave to withdraw as counsel, and we affirm the Board's February 18, 2022 decision affirming its July 14, 2021 recommitment decision.

_____
MICHAEL H. WOJCIK, Judge

---

[12] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Nonprecedential decisions . . . may be cited for their persuasive value.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juevour Christophe Burhannan,    :
    :
    Petitioner    :
    :
    v.    : No. 219 C.D. 2022
    :
Pennsylvania Parole Board,    :
    :
    Respondent    :

## O R D E R

AND NOW, this 22nd day of September, 2023, Kent D. Watkins, Esquire's application to withdraw as counsel is GRANTED, and the decision of the Pennsylvania Parole Board dated February 18, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge