IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emmanuel J. Miller, : 
 : 
              Petitioner : 
 : 
      v. : No. 370 C.D. 2022
 : Submitted: November 23, 2022
Pennsylvania Parole Board, : 
 : 
              Respondent : 


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED: September 22, 2023

          Presently before this Court is the application of Meghann E. Mikluscak, Esquire (Counsel) for leave to withdraw as counsel for Emmanuel J. Miller (Parolee). Parolee has filed a petition for review of the decision of the Pennsylvania Parole Board (Board) affirming its prior decision recommitting him as a convicted parole violator (CPV) and recalculating his parole violation maximum date. Counsel seeks leave to withdraw on the grounds that Parolee's petition for review is without merit. For the following reasons, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

## I. Background

          On January 30, 2018, Parolee was initially sentenced to a one- to three-year term of imprisonment based on his guilty plea to a charge of driving under the

influence of alcohol and a controlled substance in the Crawford County Court of Common Pleas. Certified Record (CR) at 1-2. With an effective date of January 30, 2018, Parolee had a minimum sentence date of January 30, 2019, and a maximum sentence date of January 30, 2021. *Id.* at 2. On March 8, 2019, the Board issued a decision granting Parolee parole, and he was released on parole on April 23, 2019, with 648 days (1 year, 9 months, and 7 days) remaining on his original sentence. *Id.* at 6-8, 111.

On July 30, 2019, the Erie Police Department charged Parolee with one count each of possession of a controlled substance with the intent to deliver (PWID), possession of a controlled substance, and possession with the intent to use drug paraphernalia. CR at 46-48.[1] On January 3, 2020, Parolee pleaded guilty to the PWID charge in the Erie County Court of Common Pleas (trial court). *Id.* at 49-51, 54, 71. On March 3, 2020, the trial court sentenced Parolee to a 2- to 4- year term of imprisonment with credit for 218 days. *Id.* at 71.

On February 4, 2020, the Board issued a Notice of Charges and Hearing to revoke Parolee's parole based on the new criminal conviction. CR at 38. That same day, Parolee executed a Waiver of Revocation Hearing and Counsel/Admission Form in which he knowingly, intelligently, and voluntarily waived his right to a parole revocation hearing and his right to counsel at that hearing, and admitted that he pleaded guilty to the new criminal charges. *Id.* at 39-

---

[1] That same day, the Board issued a Warrant to Commit and Detain Parolee based on the new criminal charges. CR at 20. On August 14, 2019, Parolee executed a Waiver of Representation by Counsel and a Waiver of Detention Hearing. *Id.* at 24. On September 16, 2019, the Board detained Parolee pending disposition of the new criminal charges. *Id.* at 37.

40.[2] As a result, by decision dated June 1, 2020, the Board recommitted Parolee as a CPV to serve 18 months' backtime[3] for his new PWID conviction, and the unexpired term of 648 days (1 year, 9 months, and 7 days) remaining on his original sentence. *Id.* at 80-81. The Board denied Parolee credit for the time that he spent at liberty on parole[4] and recalculated his parole violation maximum date to be November 17, 2021. *Id.* at 80-81. However, by decision dated January 25, 2022, the Board recalculated Parolee's maximum date to be December 11, 2021. *Id.* at 111-12.[5]

On February 10, 2022, Parolee submitted a timely *pro se* Administrative Remedies Form to the Board. CR at 103-14. In his appeal, Parolee claimed that the Board illegally altered the original maximum date of his original one- to three-year sentence, that was imposed by the trial court. *Id.*

---

[2] The forms signed by Parolee on that date advised him of his right to counsel at a hearing before the Board and his right to appointed counsel if he cannot afford counsel of his choice. CR at 40.

[3] Backtime is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code §61.1.

[4] Specifically, in its decision, the Board noted:

> -- [PAROLEE] WAS ONLY ON PAROLE 3 MONTHS WHEN ARRESTED FOR PWID-COCAINE.

CR at 80; *see also id.* at 43-45 (outlining Parolee's Supervision History and Sanction History).

[5] Although the petition for review was filed after Parolee had completed the service of his entire original sentence, the instant matter is not moot because our disposition may affect the service of the two- to four-year sentence imposed on his new PWID conviction. *See, e.g.*, *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42 n.2 (Pa. Cmwlth. 2010) ("[B]ecause any error in the recalculation of the maximum date on [the parolee's] original sentence could impact the timing of [his] new state sentence, and because the Commonwealth continues to exercise custody and control over [him] such that this Court could award him relief, the present matter is not moot.").

3

On March 29, 2022, the Board mailed Parolee a decision affirming its January 25, 2022 recalculation decision in which it stated, in pertinent part:

> The Board paroled you from a state correctional institution ("SCI") on April 23, 2019[,] with a max date of January 30, 2021. This left you with a total of 648 days remaining on your sentence at the time of parole. The Board's decision to recommit you as a [CPV] authorized the recalculation of your sentence to reflect that you received no credit for the time you were at liberty on parole. [Section 6138(a)(2) of the Prisons and Parole Code (Code),] 61 Pa. C.S. §6138(a)(2). In this case, the Board did not award credit for time at liberty on parole. This means there were 648 days still remaining on your sentence, based on your recommitment.
>
> On July 30, 2019 you were arrested for new criminal charges . . . in the [trial court]. You did not post bail. You were sentenced on March 3, 2020[,] to [two] to [four] years to be served in an SCI. The Board lodged its detainer against you on July 30, 2019. There were 648 still remaining on your sentence.
>
> [Section 6138(a)(5) of the Code] provides that [CPVs] who are paroled from a[n SCI] and then receive an SCI sentence must serve the original sentence first[.] 61 Pa. C.S. §6138(a)(5). However, that provision does not take effect until the parolee is recommitted as a [CPV]. In this case[,] March 3, 2020 is your effective date because you were sentenced on the new charges and that is when you were available to the Board to serve your back time. Adding 648 days to that date yields a new maximum date of December 11, 2021.
>
> The Department of Corrections applied credit towards your new sentence from July 30, 2019[,] to March 3, 2020.

CR at 115-16. On April 18, 2022, Parolee filed the instant *pro se* petition for review.

4

On May 3, 2022, Counsel was appointed to represent Parolee in this appeal. Shortly thereafter, Counsel filed an application for leave to withdraw as counsel along with a no-merit letter based on her belief that Parolee's appeal is without merit. This matter is now before us for disposition.

## II. Application to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner seeks to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[6] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish

[6] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Counsel's no-merit letter satisfies the technical requirements of *Turner*. Counsel states that she has conducted a review of the record, applicable statutes, and case law. She sets forth the issue that Parolee wishes to have reviewed, specifically that the Board lacks the constitutional or statutory authority to alter Parolee's judicially-imposed maximum sentence date. Counsel provides a thorough analysis as to why this issue lacks merit.

Counsel has reviewed the Board's recalculation of Parolee's maximum sentence date, verifies that it is not an alteration of a judicially imposed sentence, and concludes that it was correctly calculated. Counsel further explains that a parolee who is convicted of a crime while on parole may be recommitted to serve the unserved portion of his original maximum sentence and may be denied credit for the time spent at liberty on parole.

Based on her review, Counsel concludes that Parolee's appeal to this Court lacks merit, and she requests permission for leave to withdraw. Counsel provided Parolee with a copy of the no-merit letter and her request to withdraw. She advised Parolee of his right to retain new counsel or proceed *pro se*. As we are satisfied that Counsel has discharged her responsibility in complying with the

6

technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Parolee's claim in the petition for review lacks merit.[7]

### III. Independent Review

Parolee asserts that the Board lacks the constitutional or statutory authority to alter his judicially imposed sentence by recalculating his original maximum sentence date following the revocation of his parole as a CPV. It is clear that this argument rests entirely on Parolee's mistaken belief that the maximum *date* of his sentence, rather than the maximum *length* of his sentence, is controlling for purposes of recalculating his parole violation maximum sentence date. *See, e.g.*, *Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897, 901 (Pa. 1942) (holding that the Board cannot extend the "duration of the sentence" because "[t]he fixing of the term of the sentence is exclusively a judicial function").

However, Section 6138(a)(1) of the Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). In addition, Section 6138(a)(2) of the Code states:

> If the offender's parole is revoked, *the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted* and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

---

[7] Our scope of review is limited to determining whether constitutional rights were violated, whether the Board's adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

61 Pa. C.S. §6138(a)(2) (emphasis added).

Thus, because Parolee was recommitted as a CPV, he must serve the remainder of the term that he would have been compelled to serve had parole not been granted, with no time for liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award him credit. *Hughes v. Pennsylvania Board of Probation and Parole,* 179 A.3d 117, 120 (Pa. Cmwlth. 2018); *see also Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979) ("[The] Board's power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power."). Where the Board denies credit for the time served at liberty on parole, that time is applied to the original maximum sentence date to create a new maximum sentence date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

As indicated, when Parolee was paroled on April 23, 2019, 648 days (1 year, 9 months, and 7 days) remained on his original sentence. He returned to the Board's custody on March 3, 2020, and he was recommitted as a CPV on June 1, 2020. As a result, the Board's recommitment decision properly added the remainder of his original sentence to the date of his return to the Board's custody, as did the Board's January 25, 2022 decision recalculating his new original sentence maximum date to be December 11, 2021. Parolee's claims to the contrary are without merit.

Accordingly, we grant Counsel's application for leave to withdraw as counsel, and we affirm the Board's March 29, 2022 decision affirming its January 25, 2022 recalculation decision.

_____
MICHAEL H. WOJCIK, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emmanuel J. Miller,               :
                                  :
                 Petitioner       :
                                  :
        v.                        : No. 370 C.D. 2022
                                  :
Pennsylvania Parole Board,        :
                                  :
                 Respondent :


# **O R D E R**


AND NOW, this 22nd day of September, 2023, Meghann E. Mikluscak, Esquire's application for leave to withdraw as counsel is GRANTED, and the decision of the Pennsylvania Parole Board dated March 29, 2022, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge